# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JODI E. SILBERMAN,
Appellant,

v.

DEPARTMENT OF LABOR,
Agency.

DOCKET NUMBER
CH-0752-11-0710-B-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rebecca L. Salawdeh</u>, Esquire, Wauwatosa, Wisconsin, for the appellant.

<u>Angela Faye Donaldson</u> and <u>Rolesia Butler Dancy</u>, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the remand initial decision (RID), which found that the agency proved by clear and convincing evidence that it would have suspended her absent her whistleblowing activity, determined that she did not prove her affirmative defense of reprisal for whistleblowing activity,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

found a nexus between the sustained misconduct and the efficiency of the service, and upheld the 25-day suspension based on a charge and five specifications of unprofessional conduct.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the RID, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        The agency suspended the appellant for 25 days based on a charge and five specifications of unprofessional conduct; she filed a Board appeal; and the administrative judge issued an initial decision that sustained the charge and five specifications, found that the appellant did not prove any of her affirmative defenses, and affirmed the 25-day suspension.  *Silberman v. Department of Labor*, MSPB Docket No. CH-0752-11-0710-I-1, Initial Decision (Nov. 17, 2011).  After the appellant filed a petition for review, the Board issued a Remand Order, which affirmed the administrative judge's analysis of the charge and affirmative defenses, with the exception of the appellant's claim of reprisal for whistleblowing activity.  *Silberman*, MSPB Docket No. CH-0752-11-0710-I-1, Remand Order (Apr. 19, 2013).  With respect to this claim, the Board affirmed

the administrative judge's conclusion that the appellant made protected disclosures and that the disclosures were a contributing factor to the agency's action. However, the Board disagreed with the administrative judge's conclusion that the agency demonstrated by clear and convincing evidence that it would have taken the same action even in the absence of the appellant's whistleblowing activity. In particular, the Board noted that the administrative judge's analysis did not comport with the decision of the U.S. Court of Appeals for the Federal Circuit in *Whitmore v. Department of Labor*, 680 F.3d 1353 (Fed. Cir. 2012), which was issued after the administrative judge issued the initial decision in the suspension appeal. Accordingly, the Board remanded this issue for further adjudication, and it vacated the administrative judge's nexus and penalty determinations.

¶3      In the RID, the administrative judge evaluated the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), and concluded that the agency's evidence was strong, the record "fails to demonstrate any motivat[ion] to retaliate by Director [S.] or any of the agency's man[a]gers or employees involved in the proposal and/or decisional processes in this case," and the agency provided documentation indicating that it disciplined non-whistleblower employees for related misconduct. *Silberman v. Department of Labor*, MSPB Docket No. CH-0752-11-0710-B-1, Remand File, Tab 7, RID at 5-23. Thus, the administrative judge found that the agency met its burden to prove by clear and convincing evidence that it would have suspended the appellant in the absence of her whistleblowing activity, and thus, the appellant did not prove her affirmative defense of reprisal for whistleblowing. The administrative judge also incorporated her prior nexus and penalty findings and affirmed the 25-day suspension. RID at 23. The appellant has filed a petition for

review and the agency has filed a response. Remand Petition for Review (RPFR) File, Tabs 3, 5.[2]

¶4    The appellant's petition for review challenges most of the administrative judge's findings. For instance, she contends that the administrative judge erred when she, among other things: (1) determined that the appellant failed to produce evidence that Director S. made misrepresentations to U.S. Senator Mark Kirk; (2) discussed the proposing official's failure to investigate the allegations against the appellant; (3) failed to find that the deciding official erred when he did not conduct an independent investigation of the appellant's whistleblowing allegations; (4) failed to address the appellant's assertion and evidence that the proposal notice was in retaliation for protected EEO activity; and (5) failed to rule on alleged "new evidence." She also asserts that the deciding official and the administrative judge improperly analyzed the relevant factors under *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981).

¶5    Most of the appellant's arguments on review constitute mere disagreement with the administrative judge's findings and credibility determinations and do not warrant full review of the record by the Board. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). Nevertheless, we have considered all of the appellant's assertions on review, but none warrant reversal of the RID.

The administrative judge properly determined that the agency proved by clear and convincing evidence that it would have suspended the appellant in the absence of her whistleblowing activity, and thus, the appellant did not prove her affirmative defense of reprisal for whistleblowing activity.

¶6    In order to determine whether the agency proved by clear and convincing evidence that it would have suspended the appellant even in the absence of her whistleblowing activity, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and

---

[2] For the purposes of our analysis, we regard the appellant's October 17, 2013 submission as her petition for review. *See* RPFR File, Tab 3.

strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr*, 185 F.3d at 1323.

¶7     Regarding the strength of the agency's evidence, the Board in its Remand Order sustained the charge of unprofessional conduct, which included several specifications describing inappropriate emails that the appellant sent to agency employees, including an email to an agency attorney against whom the appellant had litigation, in which she compared the attorney's name to the name of a victim of a mass shooting. We have also considered the administrative judge's analysis of the appellant's assertion that the proposing and deciding officials failed to properly investigate the allegations against her before the agency proposed her removal and effected her suspension and that the deciding official failed to investigate her whistleblowing allegations. *See* RID at 5-10. Importantly, the administrative judge credited the testimony of the proposing and deciding officials based in part on witness demeanor. *See* RID at 7, 9. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not demonstrated such sufficiently sound reasons. For these reasons, we agree that the agency's evidence was strong.

¶8     Regarding the existence and strength of retaliatory motive, the RID reflects the administrative judge's conscientious consideration of the record evidence. The administrative judge made additional demeanor-based credibility determinations regarding the proposing and deciding officials, Director S., and other agency employees, including employees outside of the appellant's chain of command who had "some involvement" in the proposal and decision letters. *See*

RID at 11-21; *see also Whitmore*, 680 F.3d at 1371 (cautioning that "an agency official's merely being outside that whistleblower's chain of command, not directly involved in alleged retaliatory actions, and not personally named in the whistleblower's disclosure is insufficient to remove the possibility of a retaliatory motive or retaliatory influence on the whistleblower's treatment"). The appellant has not made any persuasive arguments to challenge these findings. We also discern no error with the administrative judge's conclusion that "there [was] absolutely no evidence in the record to suggest a concerted effort [by these agency employees] to retaliate against the appellant" or that any of the agency employees who had some involvement in the proposal or decision letters were motivated to retaliate against the appellant based on her whistleblowing activity. RID at 21.

¶9    On review, the appellant appears to challenge the administrative judge's statement in the RID that there was no evidence to suggest a pattern of agency retaliation or a hostile work environment in response to her whistleblowing activity. RPFR File, Tab 3 at 26-27; *see* RID at 23 (discussing evidence that the agency takes similar actions against non-whistleblowers). The appellant appears to state that the administrative judge failed to consider, among other evidence, her 2006 "partially meets" performance review, her 2007 arrest at the agency, the fact that she has been in "continuous litigation" with the agency since that time, and that agency attorney R.V. sent emails to other employees asking for any unprofessional emails that the appellant sent to them. RPFR File, Tab 3 at 26-27. We note that the appellant's 2006 performance review and her 2007 arrest predated the disclosures in this matter. Moreover, in the RID, the administrative judge referenced the appellant's arrest and ongoing litigation with the agency, and the administrative judge noted that the appellant's contention about R.V. was validated by the record evidence. *See* RID at 6, 8, 15-16, 20. We are not persuaded that the remaining evidence cited by the appellant warrants a different outcome. We also discern no error with the administrative judge's conclusion

that the agency demonstrated that it disciplined other non-whistleblower employees for similar misconduct. *See* RID at 22-23.

¶10 Regarding her assertion that the administrative judge failed to address the appellant's evidence regarding the agency's "stonewalling" to Senator Kirk and Director S.'s "complicity in the stonewalling," RPFR File, Tab 3 at 28, the RID reflects the administrative judge's consideration of the agency's communications with Senator Kirk, *see, e.g.*, RID at 5, 11-12, 15-16, and we do not share the appellant's view that the agency engaged in "stonewalling." We also agree with the administrative judge that the evidence does not reflect that the agency made misrepresentations to Senator Kirk. *See* RID at 12.

¶11 In sum, we have considered the appellant's arguments on review, but we find that she has not set forth a basis to disturb the administrative judge's findings and credibility determinations. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). We therefore discern no error with the administrative judge's conclusion that the agency proved by clear and convincing evidence that the agency would have suspended the appellant even in the absence of her whistleblowing activity, and thus, that the appellant did not prove this affirmative defense.

The administrative judge properly affirmed the 25-day suspension.[3]

¶12 The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas*, 5 M.S.P.R. at 306. On

---

[3] The appellant does not appear to specifically challenge the administrative judge's nexus determination on review, and we discern no error with the administrative judge's analysis in this regard.

review, the appellant asserts that the deciding official did not consider as a positive factor her length of service, prior performance awards, dedication to her job, reliable work attendance, and the fact that she and the agency have been "involved in continuous litigation since 2006." RPFR File, Tab 3 at 30-33. The decision letter indicates that the deciding official considered her length of service and her prior performance. *See* MSPB Docket No. CH-0752-11-0710-I-1, Initial Appeal File (IAF), Tab 14, Subtab 4B. Moreover, the deciding official testified that he considered the appellant's assertion that job-related tension or stress was a mitigating factor, but he concluded that "what was going on did not rise to the level of mitigation." IAF, Hearing Transcript at 196-97. It does not appear that the deciding official specifically considered the appellant's dedication to her job and reliable work attendance, but we are not persuaded that such an omission is fatal to the penalty analysis.

¶13    The administrative judge found that the agency's decision to suspend the appellant for 25-days based on the sustained misconduct did not clearly exceed the limits of reasonableness. In particular, the administrative judge noted the appellant's lack of remorse, and she stated that the agency understandably had concerns about the appellant's ability to conduct herself in a professional manner. On review, the appellant states that the Board has determined that remorse after an agency initiates discipline generally warrants little, if any, weight, and she cites *Singletary v. Department of the Air Force*, 94 M.S.P.R. 553, ¶ 15 (2003), as support for this proposition. RPFR File, Tab 3 at 33. There is no indication that the administrative judge gave the appellant's lack of remorse undue weight. We view the administrative judge's single reference to the appellant's lack of remorse in this context as support for her conclusion that the charge was serious and merited a 25-day suspension. Based on our review of the record, including the serious nature of the allegations, the frequency of the misconduct, the appellant's prior disciplinary history, her length of service, and all relevant mitigating and

aggravating factors, we agree with the administrative judge's decision to uphold the 25-day suspension.

Other issues

¶14    We need not address the appellant's assertion on review that the administrative judge failed to address her argument that the deciding official and Director S. did not investigate her allegation that the proposal was retaliation for equal employment opportunity (EEO) activity.  *See* RPFR File, Tab 3 at 16-22.  Importantly, the Board in its Remand Order already affirmed the administrative judge's analysis of the appellant's other affirmative defenses, including her claim of retaliation for EEO activity.

¶15    The appellant also alleges on review that several incidents that occurred on June 26, 2012, and thereafter, show a "retaliatory motive" on the agency's part.  RPFR File, Tab 1 at 27-28.  We note that these incidents allegedly occurred well after the initial decision in the suspension appeal was issued on November 17, 2011.  Moreover, the appellant appears to have raised this evidence in her subsequent petition for review submissions in the suspension appeal because the Board noted in its Remand Order that such issues were not relevant to the issues to be decided in that matter.  *See* Remand Order at 3, n.3.  We need not consider such evidence on review in this remand appeal.[4]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues

---

[4] On review, the appellant includes a redacted copy of the Findings of the Midwest Region Investigation.  *See* RPFR File, Tab 3, Exhibit 1.  Evidence that is already a part of the record is not new.  *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Thus, we need not consider this evidence on review.

of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you do not want to request review of this final decision concerning your discrimination claims, but you do want to request review of the Board's decision without regard to your discrimination claims, you may request review of this final decision on the other issues in your appeal by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or by any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B)  (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.